CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
December 22, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAYNE AVERY GUEST, ) | |
|    Petitioner, ) | Case No. 7:25-cv-00695 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| CHADWICK S. DOTSON, ) | Senior United States District Judge |
|    Respondent. ) | |

## MEMORANDUM OPINION

Shayne Avery Guest, a Virginia inmate proceeding pro se, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges the validity of Guest's 2017 conviction in the Circuit Court of Charlotte County. For the following reasons, the court concludes that the petition must be dismissed as untimely.

## Background

On February 22, 2017, Guest was sentenced to an active term of imprisonment of 20 years after being found guilty of raping a child under the age of 13, in violation of Virginia Code § 18.2-61. Guest appealed his conviction to the Court of Appeals of Virginia, and the petition for appeal was denied on September 19, 2017. He then filed a petition for appeal in the Supreme Court of Virginia. The Supreme Court of Virginia refused the petition and subsequently denied a petition for rehearing on October 5, 2018.

On October 9, 2019, Guest filed a state habeas petition in the Circuit Court of Charlotte County asserting claims of ineffective assistance of counsel. The petition was denied on January 12, 2022. Guest appealed the decision to the Supreme Court of Virginia, and the petition for appeal was refused on March 23, 2023.

On September 23, 2025, Guest executed the pending petition for habeas corpus relief under 28 U.S.C. § 2254. Guest claims that his defense attorney provided ineffective assistance and that the evidence presented at trial "was insufficient to have supported a finding of guilt on the crime alleged based solely on the uncorroborated testimony of the victim." Pet., ECF No. 1, at 5–10. To the extent the pending petition is untimely, Guest argues that the untimeliness should be excused on the basis of actual innocence. Mem. Supp. Pet., ECF No. 5, at 21–22. He also requests that the court apply the equitable exception to procedural default recognized in Martinez v. Ryan, 566 U.S. 1 (2012).

## Discussion

Under 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to federal habeas petitions filed by state prisoners. The period of limitation runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under subsection (A), the one-year period began to run from the date on which Guest's judgment of conviction became final. "For petitioners who pursue direct review all the way to [the United States Supreme Court], the judgment becomes final at the 'conclusion of direct review'—when [that] Court affirms a conviction on the merits or denies a petition for certiorari." Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (quoting 28 U.S.C. § 2244(d)(1)(A)). For all other petitioners, like Guest, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." Id. (quoting § 2244(d)(1)(A)). According to Guest's petition and state court records available online, the Supreme Court of Virginia refused his petition for rehearing on direct appeal on October 5, 2018. Consequently, his conviction became final 90 days later, on January 3, 2019, when his time to file a petition for writ of certiorari expired. See Sup. Ct. R. 13(1) & (3). Although the one-year period of limitation was tolled during the time in which the state habeas proceedings were "pending," 28 U.S.C. § 2244(d)(2), the Supreme Court of Virginia refused his petition for appeal from the denial of his state habeas petition on March 23, 2023. Because Guest did not execute the instant petition until September 23, 2025, more than two years later, the petition is clearly untimely under § 2244(d)(1)(A).

Guest does not allege that any unconstitutional state action prevented him from filing a habeas corpus petition. Nor does he seek relief based on a newly recognized constitutional right. Accordingly, subsections (B) and (C) of § 2244(d)(1) do not apply. Additionally, Guest does not claim that he has recently learned facts about his conviction which were not previously known to him and which he could not have previously discovered through the

3

exercise of due diligence. Consequently, subsection (d) does not apply, and Guest's petition is statutorily untimely.

As noted above, Guest argues that his untimely filing should be excused on the basis that he is actually innocent. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or the] expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). The Court has "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (second alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Merely arguing that the evidence presented at trial was insufficient to support a conviction does not suffice. See Schlup, 513 U.S. at 324 (emphasizing that a credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial"); see also House v. Ball, 547 U.S. 518, 538 (2006) ("Because a Schlup claim involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record.").

Guest has not identified any new evidence suggesting that he is factually innocent of the rape offense with which he was charged. Instead, Guest argues that the only evidence supporting his conviction "was the uncorroborated testimony of the victim," which he contends "was of dubious reliability." Mem. Supp. Pet. at 22. Because Guest's claim of actual innocence is premised on the evidence presented at trial, rather than "new reliable evidence," it does not satisfy the actual-innocence exception to the one-year limitation period. Schulp, 513 U.S. at 324.

Guest's reliance on the equitable exception established in Martinez v. Ryan fares no better. In that case, the Supreme Court "recognized a 'narrow exception' to the rule that attorney error cannot establish cause to excuse a procedural default unless it violates the Constitution." Shinn v. Ramirez, 596 U.S. 366, 380 (2022) (quoting Martinez, 556 U.S. at 9). Specifically, the Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Martinez, 566 U.S. at 17. The Court has since emphasized that "Martinez was unusually explicit about the narrowness of [its] decision" and that the decision "foreclosed any extension of its holding beyond the narrow exception to procedural default at issue in that case." Shinn, 596 U.S. at 387 (internal quotation marks omitted). Consistent with this understanding, courts have uniformly held that Martinez "has no applicability to the statutory limitations period" set forth in 28 U.S.C. § 2244(d). Moody v. Lumpkin, 70 F.4th 884, 892 (5th Cir. 2023) (joining five other circuits holding that Martinez is inapplicable to the limitations period); see also Gray v.

Dir. of DOC, No. 7:23-cv-00776, 2024 WL 4235159, at *4 n.7 (W.D. Va. Sept. 19, 2024) ("Procedural default considerations available in some circumstances under Martinez v. Ryan, 566 U.S. 1 (2012) cannot help excuse Gray's untimely filing, because Martinez has no applicability to cases barred by the federal statute of limitations under 28 U.S.C. § 2244(d).") (citing Couch v. Woodson, No. 3:13-cv-00146, 2013 WL 5933543, at *2 (E.D. Nov. 5, 2013) (collecting cases)).

Finally, the court notes that the fact that Guest may not have understood "how the statute of limitations operated in his case" does not entitle him to equitable tolling of the limitations period. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." Id.

## Conclusion

For the reasons stated, the court concludes that Guest's petition must be dismissed as untimely. An appropriate order will be entered.

Entered: December 22, 2025

Michael F. Urbanski
U.S. District Judge
2025.12.22
13:44:26 -05'00'

Michael F. Urbanski
Senior United States District Judge